UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALONZO G. DAVISON, | ) |
|           Petitioner, | ) |
| v. | )   Case No. 21-CV-0515-CVE-CDL |
| RICK WHITTEN, | ) |
|           Respondent. | ) |

**OPINION AND ORDER**

Petitioner Alonzo Davison, an Oklahoma prisoner appearing pro se,[1] petitions this Court for a writ of habeas corpus under 28 U.S.C. § 2241, primarily raising claims that challenge the execution of the sentences he is serving under the judgment entered against him in the District Court of Tulsa County, Case No. CF-2002-1687. Respondent Rick Whitten urges the Court to dismiss the petition as barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations; for failure to exhaust available state remedies as required by 28 U.S.C. § 2254(b)(1)(A); and because two claims challenge the validity of Davison's sentences, making the petition, in part, an unauthorized second or successive petition barred by 28 U.S.C. § 2244(b). Having considered the petition (Dkt. # 3), Whitten's motion to dismiss (Dkt. # 6) and brief in support of the motion to dismiss (Dkt. # 7), Davison's response in opposition to the motion to dismiss (Dkt. # 11), the record of state court proceedings, and applicable law, the Court grants the motion to dismiss and dismisses the petition.

**I.     Background**

Davison presently is incarcerated at the North Fork Correctional Center, in Sayre, Oklahoma under the state-court judgment entered against him in the District Court of Tulsa County, Case No.

---

[1]     Because Davison appears without counsel, the Court liberally construes his filings but does not act as his advocate. James v. Wadas, 724 F.3d 1312, 1315 (10th Cir. 2013).

CF-2002-1687. Dkt. # 3, at 1.[2]  In that case, a jury convicted Davison of lewd molestation (count one), in violation of OKLA. STAT. tit. 21, § 1123 (Supp. 2000), and sexual abuse of a minor child (count two), in violation of OKLA. STAT. tit. 10, § 7115 (2001). Dkt. # 7-2, at 1 & n.1.  The jury recommended sentences of 50 years' imprisonment (count one) and 75 years' imprisonment (count two), and the trial court sentenced Davison accordingly.  Dkt. # 7-2, at 1.

As further discussed in the analysis section, the claims Davison asserts in the petition primarily allege that the trial court and the Oklahoma Department of Corrections (ODOC) have misapplied, or currently are misapplying, Oklahoma's sentencing laws that require a person convicted of certain crimes to serve 85 percent of the imposed sentence before he or she will be eligible for parole and eligible to earn credits that can be applied to reduce the length of his or her sentence (the "85 percent rule").  The 85 percent rule, effective July 1, 1999, provides that:

> A person committing a felony offense listed in [OKLA. STAT. tit. 21, § 13.1] on or after March 1, 2000, and convicted of the offense shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections.  Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed.

OKLA. STAT. tit. 21, § 12.1 (Supp. 1999).  The statute that lists the felony offenses covered by this rule, OKLA. STAT. tit. 21, § 13.1, as enacted in 1999, included both crimes that Davison committed: "child abuse as defined in Section 7115 of Title 10 of the Oklahoma Statutes" and "lewd molestation of a child as defined in Section 1123 of the Oklahoma Statutes."  OKLA. STAT. tit. 21, § 13.1 (Supp. 1999).

---

[2]  For consistency, the Court's citations refer to the CM/ECF header pagination.

The trial court entered judgments and sentences in Davison's case on November 18, 2002, reflecting that Davison was convicted of lewd molestation and sentenced to 50 years' imprisonment (count one); was convicted of sexually abusing a child and sentenced to 75 years' imprisonment (count two); and was ordered to serve these sentences consecutively. Dkt. # 3, at 38-39. The original judgments and sentences did not reference the criminal statutes violated, the dates the crimes were committed, or the 85 percent rule. Id.

Represented by counsel, Davison filed a direct appeal in the Oklahoma Court of Criminal Appeals (OCCA), raising six claims. Dkt. # 7-2, at 1. As relevant to this proceeding, Davison's fifth claim alleged that the trial court's "[f]ailure to properly answer the jury's question about pardon and parole prevented the jury from giving an informed assessment of the appropriate punishment." Id. at 2. The OCCA rejected that claim, stating, "we find no error occurred when the trial judge refused to answer the jury's questions regarding pardon and parole or inform them of the 'eighty-five percent rule' set forth in 21 O.S. 2001, §§ 12.1 and 13.1. The trial court did not abuse its discretion by denying the requested instruction." Id. at 8. In a footnote, the OCCA explained that, under several of its prior decisions, the OCCA "has not required an instruction on the 85% rule be given." Id. at 8 n.10. The OCCA affirmed Davison's convictions on direct appeal but modified his sentences to 45 years' imprisonment as to each conviction and ordered that the sentences be served concurrently, rather than consecutively. Dkt. # 7-2, at 8.[3]

---

[3]  The OCCA modified Davison's sentences because it found that an error occurred regarding the admission of a videotaped interview of one of the minor victims who also testified at trial and that the error could not be held harmless as to the jury's sentencing verdicts. Dkt. # 7-2, at 6-8.

On September 13, 2004, after receiving the OCCA's mandate, the trial court amended the judgments and sentences (1) to reflect the OCCA's modifications and (2) to make additional changes. Dkt. #3, at 42-43. The amended judgments and sentences show that Davison was convicted of sexually abusing a minor, after former conviction of a felony, in violation of OKLA. STAT. tit. 10, § 7115, for an offense he committed on August 1, 2001, and sentenced to 45 years' imprisonment (count one); was convicted of sexually abusing a minor child, in violation of OKLA. STAT. tit. 10, § 7115, for an offense he committed on January 1, 2000, and sentenced to 45 years' imprisonment (count two); and was ordered to serve these sentences concurrently. Dkt. # 3, at 42-43; Dkt. # 7-1, at 13.[4]

Davison filed his first application for postconviction relief in state district court in April 2013, claiming that trial counsel was ineffective for several reasons and that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for those same reasons. Dkt. # 7-1, at 14; Dkt. # 7-3, at 1-3. The state district court denied relief, after an evidentiary hearing, and the OCCA affirmed the denial of postconviction relief in April 2015. Dkt. # 7-3, at 1, 13.

One year later, in April 2016, Davison filed a petition for writ of habeas corpus, seeking relief under 28 U.S.C. § 2254 on claims not relevant to this proceeding. Dkt. # 7-4, at 1; see also Docket

---

[4]   It is not clear from the record why the amended judgment and sentence, as to count one, was modified to show a violation of OKLA. STAT. tit. 10, § 7115. The state court docket sheet and the OCCA's decision both reflect that the jury found Davison guilty, as to count one, of committing lewd molestation, under OKLA. STAT. tit. 21, § 1123. See Dkt. # 7-1, at 8 (docket sheet); Dkt. # 7-2, at 1 n.1 (OCCA opinion noting that Davison's "lewd molestation conviction was originally charged as a second count of sexually abusing a minor child, but jurors convicted him of the lesser crime of lewd molestation"). It is not entirely clear whether any of Davison's claims complain of this apparent error in the amended judgment and sentence for count one.

Sheet, N.D. Okla. Case No. 16-CV-0194-GKF-PJC. In March 2017, this court dismissed the petition as barred by the applicable one-year statute of limitations. Dkt. # 7-4, at 1-6.

Davison alleges that sometime in December 2017, "when he didn't come up for parole," he asked his case manager about the administration of his sentences. Dkt. # 3, at 9. He then discovered that the Oklahoma Department of Corrections (ODOC) was applying the 85 percent rule to his count one sentence, for the offense he committed in August 2001, and was applying a prior law, which requires a prisoner to serve 33 percent of a sentence before being eligible for parole, to his count two sentence, for the offense he committed in January 2000.[5] Dkt. # 3, at 9. One month later, in January 2018, Davison discovered that he had been denied earned credits between 2002 and 2009.[6] Dkt. # 3, at 11, 18. In February 2018, Davison obtained legal documents from an attorney representing him in a civil matter and, "for the first time," Davison saw and compared the information filed in his criminal case in March 2002, and the amended information filed in July 2002. Dkt. # 3, at 10-11, 20. Davison then learned that the amended information changed the date of the offense charged in count one "from January 1, 2000, to August 2001," thereby making his count one offense subject to the 85 percent rule. Dkt. # 3, at 11.

Davison believed that the 85 percent rule did not apply to either of his sentences. Dkt. # 3, at 9. Between December 2017 and March 2018, Davison used the ODOC's grievance process to ask

---

[5] Before Oklahoma enacted the 85 percent rule, Oklahoma law provided that, for crimes committed on or after July 1, 1998, "any person in the custody of the Department of Corrections shall be eligible for consideration for parole who has completed serving one-third (1/3) of the sentence." OKLA. STAT. tit. 57, § 332.7 (1999).

[6] Under OKLA. STAT. tit. 57, § 138, some prisoners are eligible to earn credits that may reduce their sentences. See Dulworth v. Evans, 442 F.3d 1265, 1266 n.2 (10th Cir. 2006) (discussing § 138 and noting that "[e]ach earned credit is equivalent to one day of incarceration").

prison officials to determine whether his sentences, as to both counts, were being executed correctly and to determine whether he had been improperly denied earned credits between 2002 and 2009. Dkt. # 3, at 21-27, 30-36. Prison officials responded that discrepancies in the earned credits were found during a previous audit and corrected in 2009, and concluded that both of Davison's sentences were subject to the 85 percent rule. Dkt. # 3, at 25, 30.

On June 8, 2018, Davison filed a second application for postconviction relief in state district court. Dkt. # 7-6, at 4. As relevant to this proceeding, Davison raised the following claims:

> 4.  Trial counsel erred in allowing the State to materially amend the preliminary information violating Davison's due process rights and depriving the trial court of subject matter jurisdiction and/or personal jurisdiction to impose a sentence as to count 1;
>
> 5.  The trial court lacked subject matter jurisdiction because Davison was not provided adequate notice of the charges thereby violating his due process rights; [and]
>
> . . .
>
> 7.  Davison's sentence for count two is currently being carried out improperly as to the percentage he is to serve and the denial of earned credits during a portion of his sentence.

Dkt. # 7-6, at 5-6. The state district court denied relief, and the OCCA affirmed the order denying relief on April 8, 2019. Dkt. # 7-6, at 1, 8-9. In its order, the OCCA stated that it found "nothing in th[e] record indicating trial counsel was not fully aware of the amended information filed as to Count 1," and no "indication that Davison was not fully advised of the charges against him." Dkt. # 7-6, at 6. The OCCA thus found "no merit" to claims four and five. Id. The OCCA noted that claim seven "challenge[d] the manner in which the Oklahoma Department of Corrections (D.O.C.) is administering [Davison's] sentence." Id. The OCCA explained that "[a]n application for post-conviction relief is a collateral attack on an already determined valid judgment and sentence," and

that, under Oklahoma law, "[c]omplaints challenging the administration of a sentence are not properly submitted for review in a post-conviction proceeding." Dkt. # 7-6, at 6-7. The OCCA also stated that Davison "has exhausted his State remedies regarding the issues raised in his applications for post-conviction relief." Id. at 7 (full capitalization and bold-face type omitted).

On June 24, 2019, Davison filed a motion to alter or amend, asking the state district court to amend his judgment and sentence "to say what it is meant to say." Dkt. # 7-1, at 21; Dkt. # 3, at 14; Dkt. # 11, at 25. The state district court denied that motion on September 18, 2019, and Davison attempted to perfect an appeal. Dkt. # 7-1, at 22-23; Dkt. # 7-7, at 1. In an order filed April 6, 2020, the OCCA declined jurisdiction and dismissed the appeal, citing Davison's failure to timely file a petition in error. Dkt. # 7-7, at 1. On May 11, 2020, Davison filed an application for post conviction relief in state district court, seeking an out of time appeal from the state district court's order, filed September 18, 2019, denying his motion to alter or amend the judgment and sentence. Dkt. # 7, at 11; Dkt. # 7-1, at 23; see also Petition for Writ of Mandamus (Oct. 5, 2021), Davison v. State, No. MA-2021-1046, https://oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2021-1046&cmid=131334, last visited August 20, 2022. Davison filed a petition for writ of mandamus in the OCCA on October 5, 2021, asking that the state district court be ordered to issue a ruling on the May 2020 application for post conviction relief that sought an out-of-time-appeal. Dkt. # 11, at 44-46; see also Petition for Writ of Mandamus (Oct. 5, 2021), Davison v. State, No. MA-2021-1046, https://oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=MA-2021-1046&cmid=131334, last visited August 20, 2022. In an order filed October 15, 2021, the OCCA denied the mandamus petition. Dkt. # 11, at 44-46. In the order, the OCCA stated that the state district court denied the motion to alter or amend on September 18, 2021, and that Davison had

"not shown that he has a clear legal right to an amended judgment and sentence or that the trial court has erred in denying him relief." Dkt. # 11, at 45.[7]

Davison filed the instant federal habeas petition on December 3, 2021. Dkt. # 3, at 1. Davison purports to seek relief under 28 U.S.C. § 2241 and identifies four grounds for relief:

1. Petitioner's sentence in Count Two is currently being carried out improperly as to the percentage he is to serve and the denial of earned credits during a portion of his sentence.

2. Between the years of approximately 2002-2009, Petitioner was denied earned credits by being unjustifiably kept on level two, thus being denied level three and four, and other earned credits.

3. Trial Court erred in allowing the state to materially amend the preliminary information, thus in violation of Petitioner's due process rights. Thus, Trial Court lacked subject-matter and/or personal jurisdiction to impose an 85% sentence on Petitioner as to count one.

4. Petitioner's Judgment and Sentences should be amended to say what it is meant to say.

Dkt. # 3, at 3-4. In his request for relief, Davison asks this Court

> to modify his sentences to their correct sentencing structure as to the percentage he was to serve before becoming eligible for parole consideration, which was 1/3; order [the ODOC] to audit, adjust, and rebill [his] time per credits earned, and order the District Court of Tulsa County to amend [his judgments and sentences] to say what they were meant to say.

Id. at 4.

Whitten moves to dismiss the petition for three reasons. First, he contends that all claims in the petition are barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Dkt. # 7, at 9-22.

---

[7] It appears that the OCCA's order misstated the date of the order denying Davison's motion to alter or amend. See Docket Sheet, State v. Davison, No. CF-2002-1687, https://oscn.net/dockets/GetCaseInformation.aspx?ct=Tulsa&number=CF-2002-1687, last visited August 20, 2022.

Second, he contends that Davison did not exhaust available state remedies as to claims one and two, both of which challenge the execution of his sentence and seek relief under § 2241. Dkt. # 7, at 22-25. Third, he contends that claims three and four should be construed as challenging the validity of Davison's state-court judgment, rather than the execution of his sentences, and that the petition should be dismissed, in part, for lack of jurisdiction because it is an unauthorized second or successive 28 U.S.C. § 2254 petition barred by 28 U.S.C. § 2244(b). Dkt. # 7, at 25-31.

## II.   Discussion

### A.   The Court lacks jurisdiction to adjudicate the petition, as to claim three.

Whitten contends that claims three and four challenge the validity of Davison's state-court judgment and thus seek relief under § 2254, not § 2241. Dkt. # 7, at 25-31. Whitten thus urges the Court to dismiss the petition, as to those claims, for lack of jurisdiction. Id. In response, Davison contends that all of his claims attack the execution of his sentence and are properly before this Court. Dkt. # 11, at 28-30.

In this circuit, a state prisoner may challenge the execution of his or her sentence under 28 U.S.C. § 2241 and may challenge the validity of a judgment or sentence under 28 U.S.C. § 2254. Leatherwood v. Allbaugh, 861 F.3d at 1034, 1041-42. And, as Whitten contends, to the extent Davison's claims in the instant petition attack the validity of his state-court judgment, any attempt to seek relief under § 2254 is barred because Davison previously filed a § 2254 petition challenging the same judgment and nothing in the record shows that Davison obtained authorization from the United States Court of Appeals for the Tenth Circuit before he filed the instant petition. See 28 U.S.C. § 2244(b)(2) (discussing when claims raised in a second or successive § 2254 petition must be dismissed); id. § 2244(b)(3)(A) (requiring petitioner to obtain authorization from court of appeals

before filing second or successive petition in district court); Case v. Hatch, 731 F.3d 1015, 1026-30 (describing § 2244(b)'s "gate-keeping requirements [as] jurisdictional in nature" and discussing how courts must apply those requirements).

The Court agrees that claim three, as framed in the petition, is most reasonably construed as challenging the validity of Davison's state-court judgment. Davison claims that the trial court violated his right to due process by permitting the state to amend the charging document to change the alleged date range for the count one offense from between January 1, 2000, and January 31, 2002 (original information), to between August 1, 2001, and February 27, 2002 (amended information). Dkt. # 3, at 3, 19-20, 28-29. Davison further claims that this allegedly impermissible amendment deprived the trial court of "jurisdiction" to impose a sentence, as to count one, that is subject to the 85 percent rule. Id. at 3. And, while Davison asserts that claim three "do[es] not challenge the validity of the underlying conviction or sentence," the arguments he makes in support of this assertion suggest otherwise. See Dkt. # 11, at 28 (noting "his claims arise from the trial court lacking jurisdiction to impose an 85% sentence on Petitioner as to count one"). Davison also argues that § 2244(b) should not bar claim three because it is based on "newly discovered evidence" that he did not uncover until 2017 or 2018; thus, he could not raise claim three in his prior § 2254 petition. Dkt. # 11, at 28-30. On the record presented, the Court agrees that the petition should be dismissed without prejudice as to claim three.

The Court, however, reads claim four as asserting only that there are errors in Davison's amended judgments and sentences that the trial court should correct. Dkt. # 3, at 4; see also id. (asking this Court to "order the District Court of Tulsa County to amend [Davison's] J&S's to say what they were meant to say"). Even reasonably construed, claim four, as described in the

petition, does not state a cognizable habeas claim under either § 2241 or § 2254. A federal court may issue a writ of habeas corpus to a state prisoner only if the prisoner shows that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); id. § 2254(a). Davison does not clearly allege in the petition that any errors in his amended judgments and sentences would entitle him to federal habeas relief. Dkt. # 3, at 4. Davison does, however, clarify in his response that the crux of his complaint in claim four is "that his judgments and sentences do not indicate the percentage he is required to serve before parole consideration . . . and the infirmity of the Judgments and Sentences ("J&S") are causing ODOC to administer his sentences in count one and two under the 85% Rule." Dkt. # 11, at 28. Based on this clarification, the Court finds that claim four is best construed as challenging the administration of his sentences.

In sum, the Court concludes that claim three attacks the validity of the sentence imposed as to count one and must be raised, if at all, through a § 2254 petition. And because there is no evidence in the record that Davison obtained the requisite authorization to file a second or successive § 2254 petition, the Court further concludes that the instant petition shall be dismissed without prejudice, as to claim three, for lack of jurisdiction. 28 U.S.C. § 2244(b)(3)(A); Case, 731 F.3d at 1026-27. Finally, the Court concludes that claim four is most reasonably construed as challenging the ODOC's execution of his sentence based on alleged errors in the amended judgments and sentences. Thus, claim four is properly asserted through the instant § 2241 petition. The Court therefore grants the motion to dismiss and dismisses the petition without prejudice, in part, because the Court lacks jurisdiction to adjudicate the petition as to claim three.

**B.      The petition is untimely as to claims one, two, and four.**

As just discussed, Davison properly seeks relief under 28 U.S.C. § 2241 as to claims one, two and four. But, as Whitten contends, these claims are untimely. State prisoners face a one-year statute of limitations, regardless of whether they seek federal habeas relief under § 2241 or § 2254. 28 U.S.C. § 2244(d)(1); Dulworth v. Evans, 442 F.3d 1265, 1268 (10th Cir. 2006). When a state prisoner challenges the execution of his or her sentence, the one-year limitation period is governed by 28 U.S.C. § 2244(d)(1)(D). Section 2244(d)(1)(D) provides that the one-year limitation period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." And, when, "as here, a petitioner timely and diligently exhausts his administrative remedies, § 2244(d)(1)(D)'s one-year limitation period does not commence until the decision rejecting his administrative appeal becomes final." Dulworth, 442 F.3d at 1268. Courts should separately consider the timeliness of each claim asserted in a habeas petition. Prendergast v. Clements, 699 F.3d 1182, 1187-88 (10th Cir. 2012).

**1.      Claim one**

In claim one, Davison alleges that the ODOC is not properly executing his count two sentence. Dkt. # 3, at 3, 17. He specifically argues that the ODOC

> is requiring [him] to serve eighty-five (85) percent of this sentence before becoming eligible to be considered for parole and earned credits, in violation of Oklahoma law. [Because] 10 O.S. § 7115 was not changed into an 85% crime until November of 2000, thus [Davison] does not fall under that law, and cannot be punished under a harsher sentence than the crime carried at the time of the alleged criminal act.

Id. at 17. Davison presented this claim to the ODOC and the OCCA. He exhausted administrative remedies on February 6, 2018, the date the administrative reviewing authority rejected his administrative appeal. Dkt. # 3, at 27. His limitation period began to run on February 7, 2018, and,

absent any tolling periods, expired on February 7, 2019. Davison fairly presented this claim in state court through the application for postconviction relief he filed on June 8, 2018, 122 days after his limitation period began to run, and the OCCA affirmed the denial of postconviction relief on April 8, 2019. Dkt. # 7-5, at 40-44; Dkt. # 7-6, at 1, 4-5. In its decision, the OCCA affirmed that Davison was not entitled to postconviction relief as to this claim, reasoning that a challenge to the administration of a sentence is "not properly submitted for review in a post-conviction proceeding." Dkt. # 7-6, at 7 (citing Canady v. Reynolds, 880 P.2d 391, 400-01 (Okla. Crim. App. 1994)). The OCCA also stated that, at that point, Davison had exhausted available state remedies as to this claim. Id. Giving Davison the benefit of statutory tolling, under 28 U.S.C. § 2244(d)(2), for the time his state postconviction proceeding was pending, Davison had only 243 days, beginning April 9, 2019, to timely raise this claim through a federal habeas petition. Davison filed the instant petition in December 2021, well after his limitation period expired. Claim one is therefore untimely.

        **2.**       **Claim two**

In claim two, Davison alleges that the ODOC improperly denied him earned credits between 2002 and 2009. Dkt. # 3, at 3, 18. He argues that, during that time period, the ODOC "unjustifiably" classified him at level two even though he "did not have any misconducts," thereby denying him credits he should have earned at levels three and four. Dkt. # 3, at 3, 18. Davison presented this claim to the ODOC and the OCCA. He exhausted administrative remedies on March 13, 2018, the date the administrative reviewing authority rejected his administrative appeal. Dkt. # 3, at 36. His limitation period began to run on March 14, 2018, and, absent any tolling periods, expired on March 14, 2019. Davison fairly presented this claim to the OCCA through the application for postconviction relief he filed on June 8, 2018, 86 days after his limitation period

began to run. Dkt. # 7-5, at 43-44; Dkt. # 7-6, at 4-5. Giving Davison the benefit of statutory tolling for the time his state postconviction proceeding was pending, Davison had 279 days, beginning April 9, 2019, to timely raise this claim through a federal habeas petition. Davison filed the instant petition in December 2021, well after his limitation period expired. Claim two is therefore untimely.

### 3. Claim four

In claim four, Davison alleges that his "judgment[s] and sentences should be amended to say what [they are] meant to say." Dkt. # 3, at 4. As the Court understands it, Davison's specific argument is that his judgments and sentences should clearly state whether the 85 percent rule applies to either of his sentences and that without this information his judgments and sentences "are incomplete, unclear," and causing the ODOC to improperly administer his sentences. Dkt. # 11, at 25. As previously discussed, the Court construes this claim as challenging the ODOC's execution of his sentence. And, on the record presented, the Court finds that Davison fairly presented this claim to the ODOC through the grievance process that was final on February 6, 2018. Dkt. # 3, at 21-27. In addition, he fairly presented this claim to the OCCA through the postconviction proceeding he initiated on June 8, 2018. Dkt. # 7-5, at 40-42. Thus, as with claim one, the one-year limitation period for claim four began to run on February 7, 2018, it was tolled 122 days later and remained tolled until April 8, 2019, and, beginning April 9, 2019, Davison had only 243 days to timely raise this claim through a federal habeas petition. Assuming he is only entitled to statutory tolling for the time this application for postconviction appeal was pending, claim four is untimely.

However, as previously discussed, despite the OCCA's clear expression in its April 8, 2019, order that Davison had exhausted all available state remedies, Davison continued seeking relief in state court as to his claim that errors in the judgments and sentences were causing the ODOC to

incorrectly administer his sentences. Even assuming without deciding that, under the particular facts of this case, Davison might be eligible for additional statutory tolling for his continued efforts to have his judgments and sentences amended, claim four is still untimely. Davison filed a motion to alter or amend in state district court on June 24, 2019. Dkt. # 7-1, at 21; Dkt. # 3, at 14; Dkt. # 11, at 25. This was 76 days after the OCCA denied Davison's postconviction appeal. The state district court denied that motion on September 18, 2019, and Davison failed to perfect a timely appeal. Dkt. # 7-1, at 22-23; Dkt. # 7-7, at 1. Thus, his clock began to run again on October 19, 2019, when the time to perfect an appeal expired, leaving him with 167 days remaining to file a timely habeas petition as to claim four. Davison allowed 205 days to pass, and thus allowed his one-year limitation period to expire, when he waited until May 11, 2020, to seek leave to file an out-of-time appeal to challenge the denial of his motion to alter or amend. Dkt. # 7, at 11; Dkt. # 7-1, at 23. Thus, even if the Court generously applies statutory tolling to the time Davison spent pursuing relief through the motion to alter or amend, claim four is untimely.

### 4. Conclusion as to timeliness of claims one, two, and four

Giving Davison the benefit of all potential periods of statutory tolling, claims one, two, and four are untimely. Further, the Court does not construe any of Davison's arguments as demonstrating that the circumstances of this case would support equitable tolling, see Holland v. Florida, 560 U.S. 631, 649 (2010). The Court therefore concludes that § 2244(d)(1)'s statute of limitations bars relief as to claims one, two, and four.

### III. Conclusion

The petition shall be dismissed without prejudice, in part, as an unauthorized second or successive § 2254 petition because claim three attacks the validity of Davison's state-court judgment.

The petition shall be dismissed with prejudice, in part, because § 2244(d)(1)'s one-year statute of limitations bars relief as to claims one, two, and four. Lastly, the Court concludes that reasonable jurists would not debate the procedural dismissal of Davison's claims. The Court therefore declines to issue a certificate of appealability. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. the motion to dismiss (Dkt # 6) is **granted**;

2. the petition for writ of habeas corpus (Dkt. # 3) is **dismissed without prejudice** as to claim three, and **dismissed with prejudice** as to claims one, two, and four;

3. a certificate of appealability is **denied**; and

4. a separate judgment shall be entered in this matter.

**DATED** this 23rd day of August, 2022.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE